IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:23-222 |
| | ) Judge Stephanie L. Haines |
| DR. DALISMA, *et al.*, | ) Magistrate Judge Christopher B. Brown |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

This is a civil rights case brought under 42 U.S.C. § 1983 by Anthony Robinson ("Plaintiff"), a prisoner incarcerated at SCI-Somerset at the time of commencement of this action. Plaintiff is alleging that the named Defendants failed to provide adequate medical care in deliberate indifference to his serous medical needs, in violation of the Eighth Amendment.

This action originated in the Court of Common Pleas of Somerset County and was removed to this Court on September 19, 2023 [Doc. 1]. Originally assigned to Magistrate Judge Cynthia Reed Eddy, the case was reassigned to Chief Magistrate Judge Richard A. Lanzillo on April 23, 2024. On June 3, 2024 the case was assigned to this member of the Court presiding, with a referral to Judge Lanzillo in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. On July 3, 2024 the referral of the case was reassigned to Magistrate Judge Christopher B. Brown.

The operative amended complaint was filed by Plaintiff on January 10, 2024 [Doc. 18]. On January 30, 2024 Defendants Dalisma and Playso filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted [Doc. 16]. On February 9, 2024 Judge Eddy issued a briefing schedule ordering Plaintiff to respond to the motion to dismiss by March

1

15, 2024 [Doc. 21]. On April 26, 2024 Judge Lanzillo issued an order directing Plaintiff to show cause by May 17, 2024 for his failure to timely file a response by the previously imposed deadline [Doc. 24]. Plaintiff was advised that failure to comply with the show cause order may result in the dismissal of this action for failure to prosecute. *Id.*

On June 14, 2024 Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that this case be dismissed for failure to prosecute, and that the motion to dismiss be denied as moot [Doc. 26]. Plaintiff was notified that written objections to the R&R were due by July 1, 2024. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. To date, Plaintiff has not filed any written objections to the R&R, and the time to do so has expired. Nor has he complied with the show cause order.

Upon review of the record and the Report and Recommendation under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Lanzillo in this matter.

A district court has the inherent power to sua sponte dismiss an action under Federal Rule of Civil Procedure 41(b) for failure to comply with an order of court. *See Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994). Here, Plaintiff failed to comply with Judge Eddy's order directing him to respond to Defendants' motion to dismiss, and failed to respond in any way to Judge Lanzillo's show cause order. Moreover, Plaintiff has been cautioned that his failure to comply with court orders may result in dismissal of his case. Under these circumstances, the dismissal of this action for failure to prosecute is appropriate.

In recommending dismissal under Rule 41(b), Judge Lanzillo considered each of the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), and thoroughly explained why those factors weigh in favor of dismissal of this case for failure to prosecute. Judge Lanzillo's analysis is sound and will be adopted in whole as the opinion of this Court. This Court further notes that the copy of Judge Lanzillo's R&R that was sent to Plaintiff at his listed address of record at SCI-Somerset was returned to the Clerk's Office, and that additional investigation revealed that Plaintiff was paroled from SCI-Somerset on April 30, 2024. Plaintiff's failure to apprise the Court of a change of address as required further demonstrates to this Court that Plaintiff clearly has lost interest in pursuing this action any further.

Accordingly, the following order is entered:

### ORDER OF COURT

AND NOW, this 31st day of July, 2024, for the reasons set forth in Chief Magistrate Judge Lanzillo's Report and Recommendation [Doc. 26], which hereby is adopted as the opinion of the Court as supplemented herein, IT IS ORDERED that this action hereby is **dismissed with prejudice** under Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to prosecute and to comply with court orders. The Clerk of Court shall mark this matter closed; and,

IT FURTHER IS ORDERED that Defendants' motion to dismiss [Doc. 16] hereby is **denied as moot**.

Stephanie L. Haines
United States District Judge